(75 South. 816)

TARWATER v. STATE. (6 Div. 272.)

(Court of Appeals of Alabama. May 15, 1917.)

1. CRIMINAL LAW ⨂1169(3) — APPEAL — HARMLESS ERROR—EVIDENCE.

In a prosecution for assault with a weapon, the admission of defendant's counsel in open court that defendant did the shooting rendered harmless any error in the evidence as to confessions and admissions of defendant as to who committed the assault.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3139.]

2. ARREST ⨂68 — HOMICIDE ⨂105 — ARREST WITH AND WITHOUT WARRANT—STATUTES.

By Code 1907, § 6267, an officer acting as sheriff may make a lawful arrest without warrant, but he must comply with and conform to the law giving him the authority; by section 6269, when the arrest is made without warrant, it must be for a public offense committed, or a breach of the peace threatened, in his presence; and by section 6270, when arresting without a warrant, the officer must inform the person arrested of his authority and the cause of the arrest, otherwise the person is under no duty

to submit, and, if the officer kills him, the officer is not protected by his office.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 166–169; Homicide, Cent. Dig. § 135.]

**3. ARREST ☞68—FORCIBLE ARREST WITHOUT WARRANT.**

Where the person being arrested without warrant has knowledge of the official character of the officer and is engaged in the actual commission of a public offense, the officer's duty is to make the arrest, and the citizen's duty is to submit; if the officer is resisted, he has the right to use just so much force as is necessary to accomplish the arrest and protect himself, but no more.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 166–169.]

**4. HOMICIDE ☞184—ASSAULT TO MURDER—EVIDENCE.**

In a prosecution of a deputy sheriff for assault to murder, the court improperly refused to allow defendant to prove that at the time of attempting the arrest of the assaulted person the latter was committing, in defendant's presence, the crime of offering to sell liquor, and, the negotiation of the sale having covered several hours, and the officer having seen only a part of it, all facts tending to show the crime were admissible.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 388.]

**5. ARREST ☞68—LIMITATIONS ON OFFICERS AND STATUTES—CONSIDERATION OF HAZARD.**

Though officers, in maintaining law and order, are held to strict accountability for the way in which they discharge their duties, the courts will consider their dangerous and hazardous calling in construing the limitations placed upon officers and statutes granting power to make arrests, so far as can be done without infringing upon the citizen's personal liberty.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 166–169.]

**6. CRIMINAL LAW ☞829(1)—TRIAL—INSTRUCTIONS—REPETITION.**

Under Acts 1915, p. 815, so providing, the refusal of a charge stating a correct principle of law will not work a reversal of the judgment if the same rule was substantially and fairly given the jury in the general charge or in charges given at the request of the parties.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011.]

Appeal from Circuit Court, Marion County; C. P. Almon, Judge.

Elijah W. Tarwater was convicted of an assault with a weapon, and he appeals. Reversed and remanded.

The defendant was indicted and tried on a charge of assault to murder, was convicted of assault with a weapon, and from the judgment he appeals. The facts necessary to a decision are sufficiently stated in the opinion.

E. B. & K. V. Fite, of Hamilton, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SAMFORD, J. [1] There were several objections and exceptions to evidence as to confessions and admissions of the defendant as to who committed the assault, but later in the trial the defendant's counsel in open court admitted that the defendant did the shooting. This eliminated all of these questions, and rendered any error, if any, error without injury.

It was shown on the trial that the defendant at the time of the assault was the superintendent of a mine and a deputy sheriff, and by numerous questions and in many ways the defendant's counsel endeavored to prove that the party assaulted was trying to negotiate a sale of whisky, presumably for the purpose of justifying himself in undertaking the arrest of the defendant without a warrant at the time of the shooting.

[2] An officer acting as sheriff may, without warrant, make a lawful arrest. Code 1907, § 6267. In doing so he must comply with and conform to the law giving him this authority. When the arrest is made without warrant, it must be for a public offense committed or a breach of the peace threatened in his presence. Code 1907, § 6269. When arresting a person without a warrant, the officer must inform the person arrested of his authority and the cause of his arrest. Code 1907, § 6270; otherwise the person being arrested is under no duty to submit, and if the officer kills him, the officer is not protected by his office. It was said in Brown v. State, 109 Ala. 89, 20 South. 110:

"If there is not such knowledge or notice [of official character], [and the officer is killed by a person resisting arrest], the homicide cannot be more than manslaughter, unless the resistance was in 'enormous disproportion to the threatened injury' [citing authorities]. There may be a presumption that the regularly commissioned sheriff is known to all the inhabitants * * * of the county, and that the * * * constable is known to all the inhabitants" of the beat. "The presumption founded on the publicity and notoriety of official relation cannot be indulged if the officer making the arrest is * * * of special deputation."

It is not the duty of the citizen to submit to any other than a lawful arrest. Brown v. State, supra. The law does not intend that the citizen shall yield his liberty to the dominion of even a known officer—certainly not to an unknown one—upon his mere demand, who gives no information of his authority. If this were not true, no man would be safe from invasions of his personal liberty.

In this case the evidence for the defendant tends to show that Glover knew he was an officer, and that the attempted arrest was being made during the actual commission of an offense in the officer's presence. There is evidence also which, if believed, would show that Glover knew that defendant was an officer at the time of the attempted arrest, and that the defendant would make an attempt to arrest him if discovered.

[3] Where the party being arrested has knowledge of the official character of the officer and is engaged in the actual commission of a public offense, the officer's duty is to make the arrest. Ezzell v. State, 13 Ala. App. 161, 68 South. 578. And in such case

it is the citizen's duty to submit. If in making such arrest he is resisted, he has the right to use just so much force as is necessary to accomplish the arrest and to protect himself, and no more.

[4] Under the foregoing views the court erred in its several rulings on the evidence, in not allowing defendant to prove that at the time of attempting the arrest Glover was committing, in the presence of the officer, the crime of offering to sell liquor. As the negotiation of this sale covered several hours, and the officer only saw a part of it, all the facts tending to show the crime were admissible in evidence.

[5] While officers in the discharge of their duties in the maintenance of law and order are held to strict accountability for the way and manner in which they discharge them, the courts will consider the dangerous and hazardous calling in which they are engaged for the protection of the law-abiding citizen in the enjoyment of life, liberty, and property, in construing the limitations placed upon officers and the statutes granting power to make arrests, so far as it can be done without infringing upon the personal liberty of the citizen.

There are other exceptions reserved to the evidence which are without merit, and which we deem unnecessary to mention.

[6] There were a vast number of written charges requested by the defendant's counsel relative to the burden of proof and defining a reasonable doubt, some of which were given and some refused. This the defendant had a right to do, but it is the duty of this court to see that the refusal of any of these charges shall not work a reversal of the judgment, even where the charge refused states a correct principle of law, if it appears that the same rule was substantially and fairly given to the jury in the general charge or in charges given at the request of parties. Acts 1915, p. 815. The general charge of the court, together with the written charges given at the request of the defendant, fairly and substantially set forth every correct rule requested by the defendant in the charges marked refused. The effort of the lawmaking power is to preserve to the defendant every substantial right he has, to guarantee him a full and fair charge to the jury at the time of his trial, but to prevent reversals upon mere phraseology in the drawing of charges which do not in the least aid the jury in making up its verdict.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.