(76 South. 411)

LAWSON v. STATE.   (8 Div. 489.)

(Court of Appeals of Alabama.   June 26, 1917.)

1. HOMICIDE ☞171(1)—EVIDENCE—RELEVANCY—TIME OF KILLING.

On trial for manslaughter, where there was no positive evidence as to exact time deceased was killed, testimony of cashier of deceased's bank that there was balance to his credit, and that last check was issued by him on August 30th, was properly admitted, as tending, in connection with other evidence, to show that he was killed about September 1st.

2. CRIMINAL LAW ☞693—TRIAL—OBJECTIONS TO EVIDENCE.

A general objection, after statement of witness is in, that it is illegal, is properly overruled.

3. CRIMINAL LAW ☞338(3)—EVIDENCE—ADMISSIBILITY.

On trial for manslaughter, evidence that defendant was told, if he would tell where deceased was, he would be freed of forgery charge, is made competent by admission without objection of defendant's reply that he knew where deceased was, but would not tell.

4. CRIMINAL LAW ☞784(5)—INSTRUCTIONS—REASONABLE DOUBT.

Charge that, to justify conviction on circumstantial evidence, it must be so strong as to lead with "unerring certainty" to conclusion of guilt, was properly refused, as evidence need show defendant's guilt only beyond reasonable doubt.

5. CRIMINAL LAW ☞759(1)—INSTRUCTIONS—INVADING PROVINCE OF JURY.

Instruction as to inferences to be drawn from circumstantial evidence, and other instructions, were properly refused, as invading province of the jury.

6. CRIMINAL LAW ⟨key⟩782(9)—INSTRUCTIONS—ARGUMENTATIVE INSTRUCTIONS.

Instruction as to degree of proof required to convict on circumstantial evidence, and other instructions, were properly refused, as argumentative.

7. CRIMINAL LAW ⟨key⟩811(1)—INSTRUCTIONS—UNDUE PROMINENCE OF PARTICULAR FACTS.

Instructions *held* properly refused, as giving undue prominence to certain portions of the evidence.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Tyrus Lawson was convicted of manslaughter, and he appeals. Affirmed.

The facts sufficiently appear. The following charges were refused to defendant:

(1) To justify a conviction on circumstantial evidence, it must be so strong and connected as to lead the mind with unerring certainty to the conclusion of guilt, to the exclusion of every other reasonable hypothesis.

(2) Defendant did not kill deceased on Wednesday, September 1, 1915, at or about the place where the body was found, if you reasonably believe from the evidence that, at the time the homicide occurred, defendant was at Bridgeport, some miles away.

(3) The humane provision of the law is that upon circumstantial evidence there should not be a conviction, unless to a moral certainty it excludes every other reasonable hypothesis than that of the guilt of the accused; no matter how strong may be the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the guilt of accused is not shown by that full measure of proof that the law requires.

(4) After you have considered all the evidence, if, from any part of the evidence, you are left reasonably in doubt as to whether or not defendant was at Bridgeport on Wednesday, September 1, 1915, and was not at or about the place where deceased is claimed to have been killed, then such doubt entitles defendant to a verdict of not guilty.

(5) In cases of circumstantial evidence the jury are authorized to draw only such conclusions as follow reasonably from the facts proven. No conclusions should be drawn by the jury, except such as follow in all human reason from the facts proven.

(6) It is claimed by the state that the homicide was committed on Wednesday, September 1, 1915. You must first be satisfied from the evidence that the evidence tending to show this leads you to the conclusion that it is true. If you are reasonably in doubt as to whether this conclusion is a legitimate and irresistible deduction from the facts proven, you should acquit.

(7) The testimony offered against defendant tends to show that on the afternoon of Wednesday, September 1, 1915, deceased went on or along the railroad in the direction of Bridgeport, and some time thereafter this defendant, with his gun and dog, went on or along the same way, and that on the same afternoon defendant returned on or along the same railroad, and left the railroad, and passed along the road running west with the state line. There is also evidence offered against defendant tending to show that on the same afternoon two gunshots were heard in the direction of the place where the body was found; that defendant with his gun came out of the woods and passed up the public road, which runs somewhat parallel with the railroad, and some quarter of a mile more or less from the railroad, and went in the direction of the state line. These evidences the jury should consider, in connection with all the other evidence, and construe and pass upon in determining what conclusion is just and proper.

John B. Tally, of Scottsboro, for appellant. W. L. Martin, Atty. Gen., and L. E. Brown, Asst. Atty. Gen., for the State.

BROWN, P. J. The defendant was indicted for the murder of Collin McCampbell, whose dead body was found on about December 12, 1915, in Jones creek bottom in a dense thicket of trees, bushes, vines, and weeds, between Richard City and Bridgeport, Ala., and about 300 yards west of the tracks of the Nashville, Chattanooga & St. Louis Railway, and about one-half mile from Richard City. The body, when discovered, was badly decomposed, and the head was detached. The hat of the deceased was found near the body, and where the band encircled the hat, there was a hole through the band and the hat. There was also a hole in the back of the skull of the deceased, and inside of the skull was discovered a part of the hat band and about a teaspoonful of small shot.

According to the evidence of the state, the deceased was last seen alive on September 1, 1915, and was then walking down the railroad track leading from Richard City to Bridgeport, Ala., and going in the direction of Bridgeport, and within a very short time thereafter, the defendant was seen going in a fast walk in the same direction with a gun. It was also shown that the deceased had money on deposit with the First National Bank of South Pittsburg, Tenn., at the time of his death, and that he very frequently drew checks against this deposit. Evidence was also offered tending to show that the defendant, on August 18 and 21, 1915, presented to the bank checks to which the deceased's name was forged, the first of which was payable to the defendant, and the other to one Brown, and that these checks were indorsed by the defendant and paid to him by the bank.

[1] There was no positive evidence as to the exact time the deceased was killed, and the testimony of the witness Griffith, who was shown to be the cashier of the bank at South Pittsburg, that the last check issued by the deceased on the bank was on August 30th, and that it was paid September 3d, was relevant, and in connection with other evidence, tended to show that deceased was killed on or about September 1, 1915, and was properly admitted. The evidence that there was a balance in bank to the credit of the deceased was also relevant for the same reason. Of course, if there was no balance to his credit, the fact that he frequently drew checks on this account, and that the last check so drawn was drawn on August 30th, would have no tendency to prove the time he was killed, as the presumption would prevail that he would not violate the law by drawing a check in the absence of funds on deposit to pay it.

[2, 3] The general objection that the testi-

mony of the witness Ladd, to the effect that one Hennessy said to defendant, "Well, Ty, if you would tell where Collin [referring to deceased] is, I believe they would turn you loose on this forgery business," was "illegal," was properly overruled. The objection was interposed after the witness had made the statement. The reply of the defendant to this question, that he knew where the deceased was, but was not going to tell, and to which no objection was made, made the statement of Hennessy competent, as giving color and meaning to the defendant's response.

[4] Defendant's special charge 1 was properly refused. The law does not require that the evidence should show the defendant's guilt with "unerring certainty," but only beyond all reasonable doubt.

[5] Charges 2 and 5 were properly refused, as invasive of the province of the jury.

[6] Charges 3, 6, and 7 were properly refused as argumentative.

[7] The evidence was not positive as to when the deceased came to his death, and the refusal of charges 2, 4, and 6 may be justified on the theory that they were invasive of the province of the jury. Charge 4 was, however, substantially the same as given charge 1. Charges 4 and 7 were also subject to the vice of giving undue prominence to certain portions of the evidence. B. R., L. & P. Co. v. Donaldson, 14 Ala. App. 160, 68 South. 596; Bullington v. State, 13 Ala. App. 61, 69 South. 319; Brand v. State, 13 Ala. App. 390, 69 South. 379.

There is no error in the record, and the judgment is affirmed.

Affirmed.