## SHUMATE v. STATE. (8 Div. 995.)

(Court of Appeals of Alabama. June 12, 1923. Rehearing Denied July 10, 1923.)

1. Jury ⬥95—That jurors had been members of jury trying damage suit involving same facts held ground for challenge.

In a prosecution for homicide, where it appeared that two of the jurors comprising the regular panel, from which the jury was to be selected, had been members of a jury which tried a damage suit involving the same facts, a challenge by the state was properly sustained in the reasonable exercise of the discretion of the court under Code 1907, § 7280.

2. Homicide ⬥158(2)—Evidence as to threats admissible to show malice although made 18 months before killing.

In a prosecution for homicide, testimony of a witness as to threats or expression of ill will towards deceased and his brother held admissible to show malice, and mere lapse of 18 months did not render them inadmissible.

3. Criminal law ⬥363 — Evidence as to what was said and done by parties engaged in difficulty admissible as res gestæ.

In a prosecution for homicide, testimony of a witness as to what was said and done by the parties engaged in the difficulty held admissible as a part of the res gestæ.

4. Witnesses ⬥240(2)—Leading questions may be permitted in discretion of court.

To permit leading questions held within the discretion of the court in a homicide trial.

5. Witnesses ⬥245—Refusal to permit repetition on cross-examination of question already answered held not error.

In a homicide prosecution, it was not error to exclude defendant's question on cross-

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

examination whether, for all witness knew and saw, a named person might have been cutting at defendant with a knife, where the witness had already stated that he did not know whether such person was cutting at defendant or not.

**6. Criminal law ⬞1168(2)—Overruling objection to testimony on preliminary trial not prejudicial error where testimony not read in evidence.**

In the prosecution for homicide, it was not prejudicial to defendant to overrule his objection to the offer of testimony of a state's witness on the preliminary trial, where such testimony was never read in evidence.

**7. Criminal law ⬞396(2)—Where part of conversation has been introduced, opponent is entitled to all of it.**

When one party has brought out a part of a conversation, the other side is entitled to all of it.

**8. Criminal law ⬞665(7)—Permitting witness under rule to testify though in courtroom during examination of other witnesses held within discretion of court.**

It was in the sound discretion of the court in a prosecution for homicide to permit the state to examine a witness though the rule had been invoked' and such witness had been in the courtroom during a part of the examination of other witnesses.

**9. Criminal law ⬞368(2)—Evidence showing motive of witness in being at place of difficulty held admissible as res gestæ.**

In a homicide prosecution, evidence by a witness that he said· he was going home just prior to the difficulty in which he participated, and which occurred in a public road toward the home of such witness, held admissible as part of the res gestæ as showing the motive of the witness in being at the place of the difficulty.

**10. Criminal law ⬞363—Evidence as to wounds of third person relevant as res gestæ.**

In the prosecution for homicide committed by a deputy sheriff during a difficulty in which he was attempting to arrest a person claimed to be guilty of public drunkenness, wounds received by such person held relevant as part of the res gestæ.

**11. Criminal law ⬞419, 420(1)—Question as to what witness had heard held objectionable as calling for hearsay testimony.**

In a prosecution for homicide, a question by defendant to a witness whether he knew or had heard any information that a third person had been in several fights held objectionable as calling for hearsay testimony.

**12. Criminal law ⬞820—Charges given at request of state held part of court's general charge and considered therewith.**

Charges in a homicide trial given by the court at the request of the state thereby became a part of the court's charge, to be taken and considered by the jury in connection with the general charge.

**13. Criminal law ⬞785(16)—Requested charge as to witnesses testifying falsely held properly refused because not requiring willfulness.**

In a homicide prosecution, a charge that, if a witness had sworn falsely to any material fact, the jury might weigh his testimony;·on any other material facts in the light of such testimony, held properly refused as failing to require the testimony to have been willfully false.

**14. Criminal law ⬞814(3)—Charge that defendant was duly qualified deputy sheriff held properly refused as not sustained by evidence.**

In a prosecution of defendant for homicide, a charge that defendant at the time of the difficulty was a duly qualified and acting deputy sheriff held properly refused,· there being no evidence that he was duly qualified, though acting as deputy sheriff.

**15. Homicide ⬞268—General charge properly refused where evidence in conflict.**

A general charge in a ·homicide prosecution was properly refused where the evidence was in conflict.

**16. Criminal law ⬞814(12)—Charge as to consideration of character of "plaintiff" for peace and quiet properly refused as not sustained by evidence.**

In a homicide prosecution, a charge that the jury was authorized to consider the evidence of the general bad character of "plaintiff" for peace and quiet, in determining who was the aggressor in the difficulty, held properly refused, as the plaintiff in a criminal case, if there can be said to be one, is the state.

**17. Criminal law ⬞829(1)—Requested charges properly refused where covered by charge as given.**

It is not error to refuse requested charges where they are covered by the charges. given.

**18. Homicide ⬞274—Charge that proper manner of making arrest was' question of law properly refused in view of the evidence.**

Where defendant, who was acting as deputy sheriff, was prosecuted for homicide, a charge that the legal and proper manner in which to make an arrest was a question of law, held properly refused where the question whether an attempted arrest was made in the proper manner was one for the jury under the evidence.

**19. Homicide ⬞298—Charge as to method of making legal arrest held properly refused as excluding other proper methods.**

Where one acting as deputy sheriff was prosecuted for homicide, a charge that the proper way to make a legal arrest was for the officer to go to the party committing the crime in the presence of the officer, and lay his hand on such person, and ask such person to go with him, or that the party might consider himself under arrest, held properly refused as excluding other methods of arrest just as effectual and lawful.

⬞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**20. Homicide ⬅⟹298—Requested charge as to self-defense held properly refused as misleading.**

Where one acting as a deputy sheriff was prosecuted for homicide, a charge that the doctrine of self-defense had no application to a homicide committed by a party resisting a lawful arrest, since to do his duty the officer must become the aggressor, and, while he must effect the arrest without the use of unnecessary violence, he was not required to retreat, *held* properly refused as misleading.

**21. Homicide ⬅⟹274—Charge as to drunkenness of person attempted to be arrested by defendant held properly refused when fact in dispute.**

In the prosecution of a deputy sheriff for a homicide committed while attempting to arrest a person claimed to be intoxicated, on a highway, a charge that, if the jury believed all the evidence in the case beyond a reasonable doubt, they should find that the person sought to be arrested was drunk or intoxicated, *held* properly refused; the drunkenness of such person being in dispute.

**22. Criminal law ⬅⟹789(15)—Charges to acquit unless evidence excluded all reasonable suppositions of innocence properly refused.**

In a prosecution for homicide, charges that, unless the evidence excluded every reasonable supposition but that of guilt, the jury should acquit, *held* properly refused.

**23. Criminal law ⬅⟹811(6)—Charge as to testimony of defendant held properly refused as giving undue prominence thereto.**

In a prosecution for homicide, a charge that defendant was a competent witness in his own behalf, and, if his evidence, considered in connection with all the other evidence, was sufficient to create a reasonable doubt of guilt, the jury should acquit, *held* properly refused as giving undue prominence to the testimony of defendant.

**24. Criminal law ⬅⟹815(9)—Charge as to reasonable doubt held properly refused as elliptical.**

In a prosecution for homicide, a charge "that the burden is upon the state to prove to you beyond all reasonable doubt of the defendant's guilt before you can convict him, and, if, after considering all the testimony in this case, you or any one of you are satisfied beyond all reasonable doubt that the defendant is guilty, then you should acquit the defendant," *held* properly refused as elliptical.

**25. Criminal law ⬅⟹798(1)—Charge requiring acquittal if any juror has a reasonable doubt of guilt held bad.**

In a homicide prosecution, a charge requiring an acquittal if any of the jury have a reasonable doubt of guilt is bad.

**26. Homicide ⬅⟹298—Charges held properly refused as not correctly defining public drunkenness.**

In a prosecution of one acting as a deputy sheriff for a homicide committed while arresting a person alleged to be drunk on a public highway, charges *held* properly refused as not giving a correct definition of public drunkenness as defined by the statute.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Robert Shumate was convicted of manslaughter in the first degree, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Shumate, 210 Ala. 252, 97 South. 777.

These charges were given at the request of the state:

"A. The court charges the jury that an arrest or an attempt to arrest a person without a warrant made by an officer for a misdemeanor not committed in his presence is illegal, and a person's resistance to such an arrest constitutes no justification for taking of his life.

"B. The court charges the jury that it is no criminal offense for a person to appear in a public place drunk even in the presence of men, women, children, and officers of the law, and the officer has no right to arrest such person without a warrant, unless such person manifests his drunken condition by boisterous or indecent conduct, or by loud and profane discourse, and this manifestation of such drunken condition must be made in the presence of the officer, and the fact that it is manifested in the presence of some other person, who reports it to the officer, and not in the officer's presence, would not authorize the officer to attempt to arrest such person without a warrant.

"C. The court charges the jury that an officer has no authority to arrest for misdemeanor without a warrant unless such misdemeanor is committed in the officer's presence, and, if the officer undertakes to arrest a person for a misdemeanor without a warrant which was not committed in his presence the officer becomes a wrongdoer, and, if he then provokes a difficulty, and in the course of the difficulty it becomes necessary for the officer to kill the person in order to save his own life, then such officer cannot set up self-defense.

"D. The court charges the jury that, if the defendant was not free from fault in provoking or bringing on the difficulty, he could not be guiltless."

The following charges were refused to defendant:

"(½) The court charges the jury that, if you find after considering all evidence in this case that Tom Haney has sworn falsely to any material fact in this case, then you have a right to weigh his testimony on any other material fact in the case in the light of such testimony so falsely given on any material fact.

"(1) The court charges the jury that, if you believe the evidence in this case, you should find that the defendant, at the time of the alleged difficulty, was a duly qualified and acting deputy sheriff of Marshall county, Ala."

"(3) The court charges the jury that you are authorized to consider the evidence of the general bad character of plaintiff for peace and quiet in connection with all the other evidence

in the case in determining who was the aggressor in said difficulty."

"(7) The court charges the jury that it is a question of law for the court to say what is a legal and proper manner in which to make an arrest, and that, if you find from the evidence that defendant (Shumate) had the right to arrest Tom Haney at the time and place of the alleged difficulty, and you further find from the testimony that defendant in good faith undertook to arrest said Tom Haney, and that in attempting to make said arrest defendant walked up to said Haney and put his hand on his arm or shoulder, and asked him [Haney] to come and go with him, this would be a proper way and manner in which to make the arrest."

"(10) I charge you, gentlemen of the jury, that the proper way for an officer to make a legal arrest is for the officer to go to the party that is committing the crime in the presence of the officer, and lay his hand on such person, and ask said person to go with him, or that the party may consider himself under arrest."

"(16) Gentlemen of the jury, the doctrine of self-defense has no application to a homicide committed by a party who is resisting a lawful arrest, for to do his duty the officer must become the aggressor, and, while it is his duty to effect the arrest without the use of unnecessary violence, he is not required in any event to retreat before any one resisting a lawful arrest.

"(17) Gentlemen of the jury, if you believe all the evidence in the case beyond a reasonable doubt you should find that Tom Haney on the occasion of the difficulty was drunk or intoxicated."

"(21) The court charges the jury that, unless the evidence excludes every reasonable supposition but that of guilt, you should find the defendant not guilty.

"(22) The court charges the jury that, if any one of you have a reasonable doubt arising out of all or any part of the testimony in this case of the defendant's guilt you should acquit him.

"(22½) The court charges the jury that the defendant is a competent witness in his own behalf, and, if the evidence of the defendant himself, when considered in connection with all the other evidence in the case, is sufficient to create in the minds of the jury a reasonable doubt of the guilt of the defendant, you should acquit him.

"(23) The court charges the jury that the burden is upon the state to prove to you beyond all reasonable doubt of the defendant's guilt before you can convict him, and, if, after considering all the testimony in this case you or any one of you, are satisfied beyond all reasonable doubt that the defendant is guilty, then you should acquit the defendant."

"(35) The court charges the jury that, if you believe from all the evidence in this case that Tom Haney manifested a drunken condition in a public place, where one or more persons were congregated, by staggering or by the use of loud and profane discourse, then the defendant had a right as a duly appointed and acting deputy sheriff to make a lawful arrest of Tom Haney, and, if you further find from the evidence that the defendant was attempting to make a lawful arrest, then, in that event, the defendant was not making an assault on Tom Haney by laying his hand upon his shoulder or arm, and saying, 'Tom, I will have to arrest you.'

"(36) The court charges the jury that, if you believe from the evidence in this case that the defendant, Bob Shumate, was notified that there was a drunken man there in a public place, where several persons were congregated, he had a right, as an officer of the law, to place himself in a position to see such person, and if you further believe from all the evidence that Shumate saw Tom Haney going down the public road manifesting a drunken condition by staggering or using loud and boisterous language, it was Shumate's duty as deputy sheriff to follow Haney, and attempt to make a lawful arrest."

D. Isbell and P. W. Shumate, both of Guntersville, for appellant.

It was error to permit testimony of a conversation with appellant 18 months before the killing. Noel v. State, 161 Ala. 25, 49 South. 824; State v. Bouvy, 124 La. 1054, 50 South. 849; Barlew v. State, 5 Ala. App. 290, 57 South. 601. Testimony by Tom Haney that he was going home was inadmissible. Howard v. State, 17 Ala. App. 464, 86 South. 172; Patton v. State, 197 Ala. 180, 72 South. 401; Madry v. State, 201 Ala. 512, 78 South. 866; Harbin v. State, 15 Ala. App. 57, 72 South. 594; Thomas v. State, 206 Ala. 416, 90 South. 295. It is error to refuse a charge to the effect that the jury may disregard the testimony of a witness who has willfully sworn falsely on a material issue. Pearson v. State, 13 Ala. App. 181, 69 South. 485. The defendant was entitled to have the jury affirmatively charged that he was deputy sheriff. Pugh v. State, 4 Ala. App. 144, 58 South. 936. Charges explaining the proper manner of making an arrest should have been given. Floyd v. State, 82 Ala. 16, 2 South. 683; Ezzell v. State, 13 Ala. App. 156, 68 South. 578.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] When the jury was being selected to try this case it developed that two of the jurors comprising the regular panel for the week, and from which the jury to try defendant was to be selected, had been members of a jury which tried a damage suit involving the same facts as the case then on trial. The court sustained a challenge by the state for that cause, and defendant excepted. This was a reasonable exercise of the discretion of the court under section 7280 of the Code of 1907. Curtis v. State, 118 Ala. 125, 24 South. 111.

[2] The testimony of the witness Beal as to threats or expression of ill will towards the dead man and his brother were admissible to show malice on the part of defendant, and mere lapse of 18 months' time does not render them inadmissible. Rector v. State, 11 Ala. App. 333, 66 South. 857; Tennison v. State,

183 Ala. 1, 62 South. 780; 8 Mich. Digest, 243, par. 114 (3).

[3, 4] The testimony of the witness Otis Wilson as to what was said and done by the parties engaged in the difficulty was obviously admissible as a part of the res gestæ, and, as to the questions being leading, that was in the discretion of the court.

[5] The court did not commit reversible error in sustaining the state's objection to defendant's question asked the witness Bentley on cross-examination: "For all you know and what you saw there as you were walking on, Tom Haney might have been cutting at him with a knife?" This witness had already been and afterwards was thoroughly cross-examined on this point, and had already answered that he did not know whether Tom Haney was cutting at defendant or not. The fullest latitude will be allowed on cross-examination to test witness as to the source and accuracy of his knowledge and to bring out any fact affecting the credibility of his testimony, but trial courts will not be put in error for refusing to permit reiterations and repetitions of questions where the witness has already given straightforward answers to the questions asked.

[6] There could not be any possible injury to defendant in the ruling of the court overruling defendant's objection to the offering of the testimony of the state's witness Dewey Erwin, taken on preliminary trial, for the very good reason the testimony was never read in evidence.

[7] The court did not err in permitting the solicitor to cross-examine defendant's witness Jim Allen as to the conversation already testified to by him in his direct examination. There is no rule better known than that, when one party has brought out a part of a conversation, the other side is entitled to all of it.

[8] After the defendant had rested, the court, over the objection of defendant, permitted the state to examine Tom Haney, after it had been shown that the rule had been invoked and Haney had been in the courtroom during a part of the examination of other witnesses. This was in the sound discretion of the court. 4 Mich. Dig. 293, par. 433 (3).

[9] The state's counsel was permitted to ask Tom Haney, "when you and Hugh started off did you make any statement where you were going?" to which witness replied, "I told Hugh and the whole crowd I was going home." This was just prior to the difficulty, which occurred at a point in the public road towards the home of Haney, in which Haney was one of the participants, and, in fact, was one of the principals. This testimony was admissible as part of the res gestæ of the journey, as tending to show his motive in being at the place of the difficulty. Kilgore v. Stanley, 90 Ala. 523, 8 South. 130; Maddox v. State, 159 Ala. 33, 48 South. 689; Mayo v.

State, 15 Ala. App. 304, 73 South. 141; Hardaman v. State, 17 Ala. App. 49, 81 South. 449; Harris v. State, 96 Ala. 24, 11 South. 255.

[10] The testimony of Dr. Huckaby, a state's witness, as to the extent of the wounds inflicted by defendant on Tom Haney during the fatal difficulty, was relevant and admissible. The killing was a part of a difficulty in which defendant was attempting to arrest Tom Haney. One of the main contentions of defendant was that Tom Haney was guilty of public drunkenness, and that defendant was executing a duty in arresting Tom for a misdemeanor committed in his presence, and, following the contention of defendant, the court properly held the deceased brother of Tom accountable for Tom's acts and conduct on that occasion. It was therefore relevant as a part of the res gestæ to show what wounds Tom received and the extent of his injuries as a result of the conflict. 8 Mich. Dig. 281, par. 158.

[11] The question propounded by defendant to Dr. Barnard, "If you know or have heard any information that Tom Haney has in the last few years been in several scraps or fights," called for hearsay testimony, and for that reason was objectionable.

[12] Charges A, B, C, and D were given by the court at the request of the state, and thereby became a part of the court's charge, to be taken and considered by the jury in connection with the general charge of the court. When so taken and considered they each announce correct propositions of law. Code 1907, § 6267; Tarwater v. State, 16 Ala. App. 140, 75 South. 816; Code 1907, § 6770.

[13] Charge marked ½ is faulty, and properly refused, in that it fails to say "wilfully sworn falsely." So hold all of the authorities cited by appellant in brief. It is not the accidental or unintentional falsity of testimony that authorizes a rejection of all the testimony of a witness, but the intent to swear falsely impeaches the integrity of the witness, and for that reason may render his entire testimony unworthy of credence.

[14] There was evidence that the defendant was acting as deputy sheriff, but there was no evidence that he was "duly qualified" as such, and hence charge 1 was properly refused.

[15] Charge 2, being the general charge, the evidence being in conflict, was properly refused.

[16] The plaintiff in this case, if there can be said to be a plaintiff in a criminal case, is the state of Alabama. There was no evidence of the bad character of the state for peace and quiet, and hence charge 3 was properly refused.

[17] There are 38 refused charges in this case bearing on the different questions involved. Charges 4, 5, 6, 8, 11, 12, 13, 14, 15, 18, 19, 20, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33,

and 38 are covered by the very able charge of the court and by the written charges given at the request of the defendant. The oral charge of the court ably, correctly, and clearly covers and fully explains every phrase of the law of homicide applicable to this case and the law of evidence and burden of proof under every phase of the testimony and contentions of the parties. It must be said, there is seldom seen in a record a more complete and understandable charge than is here set out.

[18] Under the facts in this case, it was a question for the jury, under appropriate instructions from the court, to say whether the attempted arrest of Haney was made in a proper or legal manner, and therefore charge 7 was properly refused.

Charge 9 refused, is duplicated in given charge 9.

[19] The principle of law embraced in refused charge 10 is embraced in given charge 22. But, aside from that, this charge undertakes to lay down a rule for making arrests to the exclusion of other ways just as effectual and just as lawful.

[20] Refused charge 16 is misleading. The ordinary doctrine of self-defense is not applicable to an officer while making a lawful arrest; none the less the officer is bound by certain rules with which he must comply before he will be justified in taking the life of the party whom he is taking into his custody.

[21] Refused charge 17 was properly refused. The question of the drunkenness of Tom Haney was in dispute. Moreover, the question was not, Was Haney drunk? but Was he drunk, and did he manifest such condition as prohibited by statute?

[22] Charges 21 and 22 have so often been held to be bad by both this court and the Supreme Court as not to here need citation of authority.

Refused charge 19 is covered by given charge 2.

[23] Refused charge 22½ gives undue prominence to the testimony of defendant, and was properly refused. Lawson v. State, 16 Ala. App. 174, 76 South. 411; Smith v. State, 16 Ala. App. 47, 75 South. 192.

[24, 25] Charge 23 is elliptical. Moreover, even if the omitted words could be supplied, it would still be bad, in that it requires an acquittal of defendant if one of the jury have a reasonable doubt of guilt.

[26] Refused charges 35 and 36 do not give a correct definition of public drunkenness as defined by the statute.

There was no error in refusing the motion for new trial.

We find no error in the record, and the judgment is affirmed.

Affirmed.