176 So. 226

## DAVIS v. STATE.
### 4 Div. 267.

Court of Appeals of Alabama.
March 2, 1937.

Rehearing Denied May 18, 1937.

E. C. Boswell, of Geneva, for appellant.

A. A. Carmichael, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

RICE, Judge..

Code 1923, §§ 3261, 3263, and 3264, all constitute but a part of the same "law." In other words, an officer seeking the protection of sections 3261 and 3263 must comply with the terms of section 3264.

As said by this court in the opinion in the case of Tarwater v. State, 16 Ala.App. 140, 75 So. 816, 817: "The law does not intend that the citizen shall yield his liberty to the dominion of even a *known officer* [Italics supplied] * * * upon his mere demand, who gives no information of his authority." And "when arresting a person without a warrant, the officer must inform the person arrested of his authority *and the cause of his arrest.*" (Italics supplied.)

Much more certainly, it would seem, must the officer inform the citizen that he is "being arrested."

In the instant case, if it be said that appellant, who was the chief of police of the town of Slocomb, was *known* to deceased, we find nothing in the testimony from which the jury could have inferred that deceased was informed of the "cause of his arrest," or, indeed, that he was "being arrested" at all.

All that the testimony of appellant, or that in his behalf, shows, on the point we are trying to discuss, is that appellant went to the place where deceased was, and, accosting the deceased in the dark, said:

"Hold on there a minute Tip" (Tip being the name of deceased.) Appellant says: "I didn't say anything else to him."

Appellant says he then approached deceased, was struck by deceased, and then shot deceased.

From this we do not see—as the trial judge did not see—that there arose any question as to the right vel non of appellant to arrest deceased without a warrant.

The above disposes of the principal contention for error (errors) in the rulings on the trial below.

Appellant's distinguished counsel has filed a brief here in which he argues ably for error in the several rulings of the lower court touching upon the rights of an officer in making an arrest without a warrant.

But as we have shown, there was nothing in the testimony even indicating that an arrest was being attempted at the time appellant shot and killed the deceased. Appellant *may* have been intending to arrest deceased. But he did not say so. And, deceased being accosted in the dark merely to "hold on there a minute," we do not see how it can be said that he was put on notice that an attempt to arrest him was being made.

The proceedings, including the trial, seem to have been conducted without error prejudicial to appellant. And the judgment appealed from is affirmed.

Affirmed.