(79 South. 149)
MANLEY v. STATE. (8 Div. 552.)

(Court of Appeals of Alabama. June 11, 1918.)

1. HOMICIDE ⬗176—ASSAULT TO MURDER—NATURE AND EXTENT OF WOUND—ADMISSIBILITY.

In prosecution for assault to murder, testimony of victim as to nature and extent of wound inflicted upon him by defendant was admissible.

2. CRIMINAL LAW ⬗363—ADMISSION OF TESTIMONY—RES GESTÆ.

Where, in prosecution for assault to murder, defendant's father testified that immediately after shooting defendant went up the road with B., overruling objection to question as to what B. had in his hands, and answer, "Nothing that I know of," was without error; the matter being part of res gestæ.

3. HOMICIDE ⬗301—INSTRUCTIONS—DEFENSE OF ANOTHER.

In prosecution for assault to murder, defendant's requested charge that, if defendant's father replied to victim, "You are another," when victim called him a liar, it would not cut off right of father to defend himself, or deprive his son of right to defend him, was argumentative, and pretermitted proposition of father having entered fight willfully, and duty devolving on him to retreat, and was properly refused.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Emmett Manley was convicted of assault with intent to murder, and he appeals. Affirmed.

John A. Lusk, of Guntersville, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was tried and convicted of assault with intent to murder, from which judgment of conviction this appeal is taken. Numerous exceptions reserved during the progress of the trial are conceded to be without merit by counsel for appellant, and are not insisted upon.

[1, 2] There is no error in the ruling of the court on the evidence. The question propounded to witness Davis, the party assaulted, was for the purpose of showing the nature and extent of the wound inflicted upon him by the defendant, and this testimony was admissible for that purpose. Dick Manley, father of the defendant, testified in his behalf. He testified, on cross-examination, among other things, that "immediate-

ly after the shooting his son [defendant] left with Buck Roden and went up the road." The defendant objected to the question, "What did Buck Roden have in his hands?" The witness replied, "Nothing that I know of." An exception was reserved to the overruling of the objection, and to the refusal of the court to exclude the answer. There was no error in this connection, for the acts inquired about were so closely connected with the difficulty as to become a part of the res gestæ, and, besides, nothing of a prejudicial nature resulted from the question propounded or the answer given.

[3] The only remaining error insisted upon was the refusal of the court to give written charge B requested by defendant. The charge is as follows:

"The court charges the jury that, if old man Manley did reply to Davis, 'You are another,' when Davis called him a liar, this was not such a fault as would cut off his right to defend himself, or to deprive his son of the right to defend him."

This charge was properly refused. It was argumentative, and also pretermits the proposition of old man Manley having entered into the fight willingly, and also the duty devolving upon him to retreat. Furthermore, the principles undertaken to be embodied in this charge were fairly and substantially covered by the oral charge of the court.

The record is without error, and, no error of a prejudicial nature occurring upon the trial of this cause, the judgment of the lower court is affirmed.

Affirmed.