(95 South. 54)

DAVIDSON v. STATE. (6 Div. 34.)

(Court of Appeals of Alabama. Jan. 9, 1923.)

1. Witnesses ⬤⟾372(2)—Evidence of amount paid by witness for special prosecuting counsel competent to show interest of witness.

In a prosecution for using abusive, insulting, or obscene language in the presence or hearing of a woman, where the stepfather of prosecutrix testified that he had employed counsel to prosecute, it was error to exclude on his cross-examination answers to defendant's question as to how much he agreed to pay counsel, which would evidence the extent of his interest in the prosecution.

2. Obscenity ⬤⟾4, 19—Whether request for kiss was insulting and "obscene" was jury question; "obscene" defined.

In a prosecution for using abusive, insulting, or obscene language in the presence of a woman, under testimony that defendant invited a girl to warm herself in his store, and then gave her a dollar, and said, "If you will let me kiss you I will buy you a pretty ring," the question whether the words were insulting was for the jury, and whether they were obscene depended upon their purport in this particular case; "obscene" being something offensive to chastity; that which is offensive to chastity and modesty.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Obscene—Obscenity.]

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

John Davidson was convicted of the offense of using abusive, insulting, or obscene language in the presence or hearing of a woman, and he appeals. Reversed and remanded.

The matter made the basis of the charge was testified to by the prosecutrix in substance as follows:

"I am 18 years of age. * * * I went to the store of Mr. Davidson in Oakman, Ala., about the 1st of March; * * * I went there to order some feedstuff for my stepfather. * * * I went into the store, and there was no one in there; I started out, and Mr. Davidson came in. I told him what I wanted, and gave him the order; he told me to go back to the store and warm, it being cool weather. I went back to the store, and Mr. Davidson came back to where I was, and handed me a dollar, and I asked him what it was for, if it was for my stepfather, and he said it was for me, and told me to go and buy me something with it. Then I started out, and Mr. Davidson said to me 'If you will let me kiss you I will buy you a pretty ring.' I went out of the store. I was in the store about a minute and a half when he gave me the dollar; I was not in the store in all over three minutes."

The defendant testified, in substance, that the girl came to his store and gave him an order from her stepfather, White; that she remained there 30 or 40 minutes, and that he told her she had better leave. He denied that he had given her a dollar or that he had asked her to kiss him.

The witness White, being called by the state, testified that he was the stepfather of the prosecutrix; that he had sent her to defendant's store; and that he had employed Mr. Gray in the prosecution of the case. On

cross-examination this witness was asked by the defendant, "State how much you agreed to pay Mr.. Gray?" To this question the state objected. The court sustained the objection and defendant excepted.

The jury returned a verdict of guilty, and from the judgment thereon defendant prosecutes this appeal.

Leith & Powell, of Jasper, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] One, White, who was the stepfather of the girl before whom the language complained of was alleged to have been used, while being examined as a witness by the state, testified that he had employed Mr. Gray (who was then acting for the state) to prosecute the defendant. On cross-examination defendant's counsel asked how much he agreed to pay Mr. Gray. The court sustained an objection to this question. The defendant was entitled to know the extent of the witness' interest in the prosecution, as evidenced by the amount of money he was willing to pay towards the prosecution.

[2] It was a question for the jury on the evidence to say whether the words alleged to have been used were insulting, and as to whether they were obscene depended upon the purport of their meaning as used in this particular case. "Obscene," according to 3 Bouvier's Law Dic. 2396, is:

"Something which is offensive to chastity; that which is offensive to chastity and modesty."

The affirmative charge as requested was properly refused; but for the error pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.

MERRITT, J., not sitting.