### HARRIS v. STATE. (4 Div. 900.)

(Court of Appeals of Alabama. Feb. 12, 1924.)

## I. Criminal law ⊚⟿368(1)—Testimony as to acts of witness during rencontre which resulted in death held admissible as part of res gestæ.

In homicide prosecution, testimony that a witness had a hammer in his hand when he walked between the defendant and the deceased, while engaged in a mutual rencontre which resulted in the death of the deceased, held admissible as a part of the res gestæ.

## 2. Criminal law ⊚⟿363—Testimony as to facts connected with difficulty resulting in death of one party is admissible as part of res gestæ.

Every fact relating to and connected with a difficulty resulting in the death of one of the parties is relevant, and is a part of the res gestæ until the entire difficulty is over and has been abandoned by both parties.

## 3. Criminal law ⊚⟿364(1)—Testimony as to occurrences after separation of parties engaged in combat held admissible as part of res gestæ.

When one man cuts another, mortally wounding him, and the two are separated by a third party, and the party who did the cutting still attempts to get to the party assaulted, and is prevented from doing so by another, the difficulty is still in progress, though no other licks are actually passed, and during that pe-

---

⊚⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rio everything said and done connected therewith is relevant.

**4. Homicide ☞341—Refusal of charges relating to murder not considered on appeal from conviction for manslaughter.**

Refusal of charges relating to murder will not be considered on appeal from judgment of conviction for manslaughter.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Jefferson, alias Jeff, Harris was convicted of manslaughter in the first degree, and appeals. Affirmed.

Espy & Hill, of Dothan, for appellant.

Evidence of what occurred after the fatal cutting was not admissible as of· the res gestæ.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The testimony offered tended to show defendant's intent to kill the deceased, and was admissible. Horn v. State, 102 Ala. 144, 15 South. 278.

SAMFORD, J. [1] It was competent and relevant for the witness Robinson to testify that he (witness) had a hammer in his hand at the time he walked between the parties who were engaged in a mutual rencontre which resulted in the death of one of the combatants. This testimony related to the res gestæ.

[2, 3] Every fact relating to and connected with a difficulty resulting in the death of one of the parties is relevant, and is a part of the res gestæ until the entire difficulty is over and has been abandoned by both parties. When one man cuts another, mortally wounding him, and the two are separated by a third party, and the party who did the cutting still attempts to get to the party assaulted, and is prevented from doing so by another, the difficulty is, in law, still in progress, though no other licks are actually passed. During that period everything said and done connected therewith is relevant. The several rulings of the court on the admission of testimony were without error.

[4] The refused charges relating to murder are not passed upon. The conviction was for manslaughter. The other charges were fully covered by the court in its general charge.

The defendant appears from the record to have had a fair and an impartial trial before a jury of his peers, who had a full and clear statement of the law of the case. He has 'had what the Constitution guarantees to him, and, finding no error in the record, the judgment is affirmed.

Affirmed.