(101 So. 367).

### WILLIAMS v. STATE. (4 Div. 959.)

(Court of Appeals of Alabama. Sept. 2, 1924.)

**1. Criminal law ⚎364(2)—Homicide ⚎169 (1)—Testimony as to treating of negroes by defendant shortly before alleged offense held irrelevant.**

In prosecution for assault to murder, testimony that accused met witness on road, shortly before alleged assault, and at different place, and treated negroes from jug he had, offering some of contents to witness, *held* not part of res gestæ, and irrelevant and immaterial.

**2. Criminal law ⚎1169(1)—Irrelevant testimony held prejudicial to defendant, as tending to lower moral and social standing.**

Admission of testimony, irrelevant to issues that defendant, a white man, met some negroes on highway and treated them to contents of jug, *held* prejudicial to him, as tending to lower his moral and social standing in minds of jury.

**3. Homicide ⚎176—Severity of wounds is material in prosecution for assault to murder.**

In prosecution for assault to murder, evidence as to the wounds and severity thereof was material.

**4. Homicide ⚎268—Whether threat, shortly before assault to murder, was against prosecuting witness, held for jury.**

In prosecution for assault to murder, whether defendant's threat, at house of witness, who heard it shortly prior to alleged crime, was against prosecuting witness, *held* for jury.

**5. Homicide ⚎300(3)—Instruction on freedom from fault in connection with plea of self-defense held proper.**

In prosecution for assault with intent to murder, instruction *held* to correctly state law relative to necessity of defendant being free from fault in order to successfully rely on plea of self-defense.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Forest Williams was convicted of assault with intent to murder, and he appeals. Reversed and remanded.

Defendant excepted to this portion of the oral charge of the court:

"If the defendant brought on the difficulty, if he did any act or spoke any word which brought about that difficulty, then the law would not permit him to say that he acted in self-defense, because a man cannot provoke another to strike him, and then attack him, and take the advantage of him and take his life. The law will not

permit that. A man must come with clean hands; he must be free from fault; he must come with matter of defense, and not matter of aggression; therefore the law precludes him from self-defense, if he uttered any word or did any act which provoked or brought about the difficulty."

Powell & Reid and E. O. Baldwin, all of Andalusia, for appellant.

Upon the trial of an indictment charging one offense, evidence of another and distinct offense is inadmissible. Childers v. State, 18 Ala. App. 396, 92 South. 512; Gassenheimer v. State, 52 Ala. 315; Gardner v. State, 17 Ala. App. 589, 87 South. 885; Dennison v. State, 17 Ala. App. 674, 88 South. 211; Veal v. State, 19 Ala. App. 168, 95 South. 783; Blevins v. State. 204 Ala. 476, 85 South. 817. Counsel discuss other questions, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Testimony as to the wounds inflicted was properly admitted. Manly v. State. 16 Ala. App. 475, 79 South. 149. Evidence as to defendant's connection with the whisky was properly admitted. Aplin v. State, 19 Ala. App. 604, 99 South. 734.

SAMFORD, J. The defendant was convicted of assault to murder William M. Butler in Covington county on or about the 2d day of August, 1923. The assault of which the defendant was convicted took place at the house of one Dave Parsons, in which defendant used a knife, cutting Butler, more or less seriously, nine times. The evidence for the state tends to show an unwarranted assault, and that for the defendant, while admitting the cutting, a case of self-defense. It further appears from the evidence that the parties first met on the day of the difficulty at about 4:30 o'clock, at the home of one Metcalf, which was located on land belonging to Butler. Defendant came to the Metcalf house first, and was heard to make a threat against Butler. When they first met, some unpleasant words were passed, after which they went together to the Parsons home, about one-fourth of a mile away, for the purpose of seeing Parsons. Nothing occurred on the way to the Parsons house, "more than just common talk." After arriving at the Parsons house, the difficulty arose, and the cutting took place.

[1-3] Upon the examination of Mrs. Metcalf in making out the case, and Mr. Metcalf on rebuttal, the state, over timely objections and motions to exclude, was permitted to prove that in the evening of the day on which the difficulty occurred, and prior thereto in point of time and place, defendant met witness on the Three-Notch road, stopped him, and—

---

⚎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"he told me to come to him there; he had something to tell me. He had a sack on his back, with a jug in it. Now, as far as I know, I don't know what was in the jug. He let the negroes have a little drink of it on the wagon. He let the negroes have a drink, and asked me to have a drink."

The evidence as to the wounds and their severity were questions of material inquiry. Manly v. State, 16 Ala. App. 475, 79 South. 149. The testimony of the two state's witnesses, Mr. and Mrs. Metcalf, was not a part of the res gestæ and was irrelevant and immaterial.

Courts are created to determine matters in issue which require proof. Anything which is neither directly nor indirectly relevant to the issues ought at once to be "put aside, as beyond the jurisdiction of the tribunal, and as tending to distract its attention and to waste its time." Jones on Evidence, par. 135, p. 151. What possible relevancy there can be between defendant's "having a jug in a sack on the Three-Notch road, and that he let some negroes have a drink from the jug, and offered a drink to a witness," we are unable to see. It was at a prior time and place from that of the difficulty, and hence no part of the res gestæ, as was the case in Aplin v. State, 19 Ala. App. 604, 99 South. 734.

The only effect that this could have had would be to prejudice the jury against the defendant. If the jury could be made to believe that the defendant, a white man, was going about the country with a "jug" on his back, from which he was "treating" negroes, inferentially to whisky, his moral and social standing would be lowered in the minds of the average jury. Unless such evidence is legal, relating to the issues involved, no defendant should be burdened with this proof.

[4] As to whether the threat made at the Metcalf house in the hearing of Mrs. Metcalf was a threat against Butler was, under the facts, a question for the jury.

[5] That part of the court's oral charge to which objection was reserved correctly states the law relative to freedom from fault in connection with a plea of self-defense.

Other questions are not necessary to be decided. For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.