(104 So. 840)

### Ex parte FORD. (2 Div. 874.)

(Supreme Court of Alabama.    May 7, 1925.
    Rehearing Denied June 25, 1925.)

1. **Criminal law** ⬯1170(1)—**Witnesses** ⬯369 —**Refusal to permit answer on cross-examination, tending to determine bias, held reversible error.**

In a prosecution for possession of a still, refusal to permit witness, employed by special investigator, and with whom he made the search leading to defendant's arrest, to answer on cross-examination a question, as to how much investigator paid him, *held*, reversible error, although previously testifying that the state paid him, since such testimony would have tended to show whether there was bias against defendant, a fact which jury should know.

2. **Witnesses** ⬯372(1)—**Any fact can be secured from a witness on cross-examination which would tend to show bias.**

Any fact can be secured from a witness on cross-examination which would tend to show

bias or partiality toward the party calling and placing him on the stand as a witness.

### Certiorari to Court of Appeals.

Petition of Damon Ford for certiorari to the Court of Appeals, to review and revise the judgment and decision of that court in Ford v. State, 20 Ala. App. 663, 104 So. 838. Writ granted.

John S. Tilley, of Montgomery, and Gray & Dansby, of Butler, for petitioner.

It was error to deny the defendant the right to cross-examine the witness Pruitt as to what he was paid by Hunt. Harwell v. State, 11 Ala. App. 190, 65 So. 702; Johnson v. State, 13 Ala. App. 144, 69 So. 396; Harrison v. State, 12 Ala. App. 283, 68 So. 531.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., opposed.

The question was improper, and there was no error in sustaining objection thereto. 12 Michie's Ala. Dig. 1193; 4 Michie's Ala. Dig. 777, 294.

MILLER, J.    This is an application for writ of certiorari to the Court of Appeals by Damon Ford.

The defendant was convicted for having in his possession a still. It appears that certain officers, R. E. Hunt, a special investigator for the Attorney General, and A. P. Pruitt, a deputy sheriff, testified for the state.    The defendant's home and premises were searched by them.    Pruitt testified, on cross-examination, that he was working for the state law enforcement department; that the state paid him; that Mr. Hunt made the arrangements for him.    The defendant asked him, "How much did Hunt pay you?" The objection of the state was sustained to this question by the trial court, and exception was reserved by the defendant.    It appears Hunt and Pruitt made this search of this home and premises with search warrant, and that Pruitt was working with or under the direction of Hunt, arrangement therefor having been made with the state by Hunt for him to do so.

[1, 2] The trial court should have permitted the witness to answer this question. True he had testified that he was paid by the state, but if Hunt paid him anything extra, the jury should know it. It would tend to show bias or partiality of the witness for the state and against the defendant.    Any fact can be secured from a witness on cross-examination, which tends to show bias or partiality toward the party calling and placing him on the stand as a witness.    The question called for what Hunt paid him, not what the state paid him.    1 Greenleaf on Evidence (16th Ed.) § 450; L. & N. R. R. Co. v. Tegner. 125 Ala. 593, 28 So. 510; A. G. S.

R. R. Co. v. Johnston, 128 Ala. 284, h. n. 6, 29 So. 771.

In the case of Harwell v. State, 17 Ala. App. 190, h. n. 1, 65 So. 702, a strikingly similar question was held proper, and the trial court was placed in error for refusing to allow the witness to answer it. See, also, on this subject, Johnson v. State, 13 Ala. App. 140, h. n. 1, 69 So. 396.

For this error of the trial court, the application for a writ of certiorari must be granted, and the judgment of the Court of Appeals reversed, and the cause remanded for further proceedings in accordance with this opinion.

Writ granted.

All the Justices concur.