(107 So. 37)

**WILLIAMS v. STATE.** (4 Div. 78.)

(Court of Appeals of Alabama. Nov. 17, 1925. Rehearing Denied Jan. 12, 1926.)

**1. Criminal law ⟨key⟩364(2) — Conversation of accused with assaulted party half mile from place of assault held part of res gestæ.**

In prosecution for assault with intent to murder, testimony as to conversation between accused and assaulted party at forks of road a half mile from place of difficulty *held* properly admitted as part of res gestæ, where it was shown that they were continuously together from time of conversation to time of assault.

**2. Homicide ⟨key⟩187—Evidence of physical condition of assaulted party held proper.**

In prosecution for assault with intent to murder, where self-defense was involved, evidence of physical condition of assaulted party at time of difficulty *held* proper.

**3. Homicide ⟨key⟩158(3), 268—Testimony of threats by accused to cut somebody's heart out proper.**

In prosecution for assault with intent to murder, testimony that on evening of difficulty accused made remarks about the assaulted party's crossing his path, and threatened to cut somebody's heart out of them, *held* properly admitted; it being question for jury whether it was not a threat against assaulted party.

**4. Homicide ⟨key⟩188(1)—Evidence of assaulted party's temper not proper.**

In prosecution for assault with intent to murder, where self-defense was involved, rules for proving reputation of assaulted party for violence and bloodthirstiness do not authorize questions as to his temper.

On Rehearing.

**5. Witnesses ⟨key⟩372(2)—Refusal of cross-examination as to how much brother of assaulted party paid counsel to assist prosecution held error, and reversible.**

In prosecution for assault with intent to murder, refusal to allow cross-examination of brother of assaulted party, who admitted that he helped employ counsel, as to how much he paid counsel to assist prosecution *held* error, and reversible.

**6. Witnesses ⟨key⟩330(1)—Cross-examination as to whether witness' testimony on former trial was true is error.**

Cross-examination of witness for accused as to whether or not his testimony on a former trial was true is error.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Forest Williams was convicted of assault with intent to murder, and he appeals. Reversed and remanded on rehearing.

Over defendant's objection the witness Metcalf testified that on the evening of the difficulty defendant came to her house, and made some remarks about Butler crossing his path, and "made the threat of cutting somebody's heart out of them."

On cross-examination of witness Parsons he was asked by the state if he had made a certain statement on the first trial of the case. Witness replied that he did not remember, whereupon he was asked, over objection of defendant, "Well if you did, was it true?"

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1]214 Ala. 84.

Powell & Reid and E. O. Baldwin, all of Andalusia, for appellant.

Evidence of the conversation between defendant and the assaulted party at the forks of the road was erroneously admitted. Harris v. State, 8 Ala. App. 33, 62 So. 477; Morell v. State, 18 Ala. App. 243, 91 So. 501; Ferguson v. State, 134 Ala. 63, 32 So. 760, 92 Am. St. Rep. 17. Evidence of the physical condition of the assaulted party was erroneously admitted. 3 C. J. 175; Mann v. State, 134 Ala. 1, 32 So. 704. It was error to permit the witness Mrs. Metcalf to testify that defendant made the threat of cutting somebody's heart out of them. Knight v. State, 160 Ala. 58, 49 So. 764; Redd v. State, 68 Ala. 492; King v. State, 89 Ala. 146, 7 So. 750; Henson v. State, 120 Ala. 318, 25 So. 23. The cross-examination of witness Parsons was improper. Anderson v. State, 104 Ala. 83, 16 So. 108; Lester v. Jacobs, 212 Ala. 614, 103 So. 682; Porter v. L. & N., 202 Ala. 139, 79 So. 605; Corona Coal Co. v. Callahan, 202 Ala. 649, 81 So. 591. Defendant should have been permitted to show how much the brother of the assaulted party paid to special prosecuting counsel. Ex parte Ford, 213 Ala. 410, 104 So. 840; Ham v. State, ante, p. 103, 105 So. 390; Hembree v. State, 20 Ala. App. 181, 101 So. 221; Dickey v. State, 197 Ala. 610, 73 So. 72; Davidson v. State, 19 Ala. App. 77, 95 So. 54.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

Testimony showing the meeting of the two parties, and what took place, was part of the res gestæ. Shumate v. State, 19 Ala. App. 340, 97 So. 772; Harris v. State, 19 Ala. App. 575, 99 So. 320; Blair v. State, 211 Ala. 53, 99 So. 314. The physical condition of the assaulted party was proper to be shown. Baker v. State, 209 Ala. 142, 95 So. 467; Lambert v. State, 208 Ala. 42, 93 So. 708; Nolan v. State, 207 Ala. 663, 93 So. 529; Gunter v. State, 111 Ala. 23, 20 So. 632, 56 Am. St. Rep. 17. The evidence with reference to threat presented a jury question. Williams v. State, 20 Ala. App. 257, 101 So. 368; Burton v. State, 115 Ala. 1, 22 So. 585. Temper of a person is not the proper subject of inquiry. Bullington v. State, 13 Ala. App. 61, 69 So. 319; Murphy v. State, 14 Ala. App. 79, 71 So. 967; Smith v. State, 197 Ala. 197, 72 So. 316. There was no error in rulings on the examination of witness Parsons. Riley v. State, 209 Ala. 505, 96 So. 599; Wilkerson v. State, 18 Ala. App. 478, 93 So. 205; Ray v. State, 18 Ala. App. 44, 88 So. 340. What John Butler paid to special counsel to prosecute the defendant was irrelevant.

RICE, J. Forest Williams was convicted of the offense of assault with intent to murder, and appeals.

The state's evidence tended to show an unjustified assault with murderous intent by the defendant upon one William L. Butler. The defendant's evidence tended to show self-defense. The issues were properly submitted to the jury.

The case has been here once before, and the decision of the court will be found in 20 Ala. App. 257, 101 So. 367.

[1] There was no error in overruling defendant's objection to the introduction of testimony as to the conversation between the defendant and the assaulted party had at the forks of the road some half mile from the place of the difficulty, where, as here, it was shown that they were continuously together from the time of that conversation to the time of the assault, a short time later. It was part of the res gestæ. Shumate v. State, 19 Ala. App. 340, 97 So. 772; Harris v. State, 19 Ala. App. 575, 99 So. 320; Blair v. State, 211 Ala. 53, 99 So. 314.

[2] It was permissible to show the physical condition of the assaulted party at the time of the difficulty. There was no error in overruling defendant's objections to questions to the witness W. L. Butler and Dr. Campbell calling for this information. Lambert v. State, 208 Ala. 42, 93 So. 708; Nolan v. State, 207 Ala. 663, 93 So. 529.

[3] As to whether the threat made at the Metcalf house in the hearing of Mrs. Metcalf was a threat against Butler was, under the facts, a question for the jury. The court did not err in allowing her to testify as to same. Williams v. State, 20 Ala. App. 257, 101 So. 367.

[4] The rules for proving the reputation of one for violence and bloodthirstiness did not authorize the questions as to Butler's temper. There was no error in the several rulings of the trial court in this regard. Bullington v. State, 13 Ala. App. 61, 69 So. 319; Murphy v. State, 14 Ala. App. 78, 71 So. 967.

Each of the other exceptions reserved by the defendant on account of the admission or rejection of testimony has been critically examined by us, and in none of the rulings underlying same do we find that the trial court committed prejudicial error. The written refused charges have likewise been studiously considered, and we are of the opinion that the proposition of law contained in each of them was either incorrect, abstract, or fully and fairly conveyed to the jury in the trial court's unusually full and fair oral charge or in some one or the other of the written charges given at defendant's request.

The defendant appears to have had a fair trial under proper rulings and instructions to the jury by the court. No prejudicial error anywhere appearing, the judgment will be affirmed.

Affirmed.

### On Rehearing.

[5] This case was well and ably tried. An exceedingly large number of witnesses were

examined. It is the second conviction of this appellant. But our duty is to follow the decisions of the Supreme Court, and, under those decisions, as well as some prior adjudications of this court in line therewith, we must hold that the action of the trial court in sustaining the state's objection to the question propounded by defendant to the state's witness John Butler, on his cross-examination' after the witness had stated that he was a brother of the man, for assaulting whom defendant was on trial, and that he had helped employ counsel, which question was: "How much did you pay (counsel to assist the state in this case)?" was reversible error. Dickey v. State, 197 Ala. 610, 73 So. 72; Davidson v. State, 19 Ala. App. 77, 95 So. 54; Hembree v. State, 20 Ala. App. 181, 101 So. 221; Ham v. State, ante, p. 103, 105 So. 390.

We are not allowed to say by our holding that we are of the opinion that the result of the trial would not have been different had the question been allowed. Ex parte Damon Ford, 213 Ala. 410, 104 So. 840.

[6] It was likewise error to permit the questions to the witness Parsons, over defendant's objections, as to whether or not his testimony on a former trial was true.

The matters treated herein were not discussed in detail in the opinion formerly handed down, and what we said therein is adhered to, except as modified by this opinion.

The judgment of affirmance is set aside, this opinion added to that formerly written, and for the error first hereinabove pointed out the judgment of conviction is reversed and the cause remanded.

Reversed and remanded.