83 So.2d 68

## Thomas JONES

v.

## STATE.

4 Div. 255.

Court of Appeals of Alabama.

Oct. 18, 1955.

326

The indictment charged murder in the second degree. Defendant was convicted of manslaughter in the first degree.

It was undisputed in the evidence that appellant killed Andrew Spheeris by shooting him with a pistol. A jury question was presented, under the conflicting testimony, as to whether the killing was justified under defendant's claim of self-defense.

No brief has been filed on appellant's behalf, but we have carefully searched the record, as we are required to do in criminal cases, and find no reversible error.

 The only ruling which merits any discussion is the court's refusal to allow three law enforcement officers to answer the question, in substance, as to whether they knew the deceased's reputation for being a "turbulent, violent, bloodthirsty and uncompromising individual."

The evidence had been sufficiently developed at this stage of the trial to authorize the admission of character evidence under the rule laid down in De Arman v. State, 71 Ala. 351, that "on all doubtful questions as to who was the aggressor, the violent or bloodthirsty character of the deceased, if such, be his character, enters into the account." See also Lambert v. State, 205 Ala. 547, 88 So. 847; Brown v. State, 249 Ala. 433, 31 So.2d 656.

However, we are of the opinion that under this rule the "uncompromising" character of deceased was not the proper subject of inquiry and the court did not err in sustaining the objection to the question in this form.

The "overbearing" character of the deceased is admissible for the accused. Roberts v. State, 68 Ala. 156; Savage v. State, 20 Ala.App. 97, 100 So. 919; Smith v. State, ante, p. 23, 80 So.2d 302.

The doctrine of the De Arman case has been held not to extend to a character which is merely "quarrelsome," Bullington v. State, 13 Ala.App. 61, 69 So. 319; Rhea v. State, 100 Ala. 119, 14 So. 853; Murphy v. State, 14 Ala.App. 78, 71 So. 967; Wilson v. State, 31 Ala.App. 21, 11 So.2d 563, nor do the rules authorize the admission of evi-

John W. Gibson, Troy, for appellant.

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

PRICE, Judge.

dence as to deceased's "temper." Williams v. State, 21 Ala.App. 227, 107 So. 37.

The meaning of "uncompromising" is defined to be "not making or admitting of compromise; making no truce or concessions; unyielding; inflexible." Webster's New International Dictionary.

■ Proof that a person was of "uncompromising" nature would not be the equivalent of proof of a violent, turbulent, bloodthirsty, dangerous character, the evidence of which is received for the purpose of illustrating or explaining the circumstances of the killing, or to give meaning to the conduct of the deceased, Eiland v. State, 52 Ala. 322, or "to justify a resort to more prompt measure of self-preservation." Roberts v. State, supra.

The judgment of the trial court is affirmed.

Affirmed.