# Dodson v. The State.

### Disturbing Religious Worship.

(Decided April 16, 1914.  65 South. 206.)

1. *Disturbing Religious Worship; Evidence.*—It was competent for a witness to state that he thought that the noise made was right there at defendant, as the personal observation and judgment of the witness.

2. *Witnesses; Examination; Cross.*—A witness for a defendant may be asked on cross-examination if defendant came frequently to her house, and as to how often he came, as tending to show the attitude of the witness towards the defendant.

3. *Same; Discretion of Trial Court.*—The allowance of a question on re-direct examination not in rebuttal of any matter brought out on the cross-examination rests in the discretion of the trial court.

4. *Charge of Court; Reasonable Doubt.*—Charges on reasonable doubt not predicated on a consideration of all of the evidence, such as that if, arising out of any part of the testimony there is created in the minds of the jury a probability that defendant is not guilty, it is sufficient to create a reasonable doubt, are properly refused.

5. *Same; Covered by Those Given.*—The court will not be put in error for refusing charges substantially covered by written charges given.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Jim Dodson was convicted of disturbing religious worship, and he appeals.  Affirmed.

The witness Stearnes was permitted to testify that he heard some talking in the church, on the right-hand side as you go in, and that "I think it was right there at him."  The defendant moved to exclude the part quoted. The state was permitted, over objection, to ask the witness Betty Martin, "Does he [meaning the defendant] come to your house frequently?" and "How often does he come to your house?"

On redirect examination defendant's counsel asked the witness Norton: "Did Mr. Rollins sit back some-

[Dodson v. The State.]

where near Mr. Dodson?" Objection was sustained to the question.

The following charges were refused to defendant:

"A. The court charges the jury that if, arising out of any part of the testimony there is created in your minds a probability that defendant is not guilty, this is sufficient to create a reasonable doubt, and you should acquit.

"B. The court charges the jury that, if there is a probability that it was not Jim Dodson talking in the church, then that is a sufficient ground for a reasonable doubt, and you should acquit him."

W. C. RAYBURN, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. It is competent on cross examination to elicit facts showing bias or sympathy for or against the party being prosecuted. —*Jackson v. State,* 156 Ala. 651; *Whitsett v. Belue,* 54 South. 677. It is within the discretion of the trial court to permit questions on redirect which are not in rebuttal of matters brought out on the cross examination.— *Treadwell v. State,* 168 Ala. 96.

PELHAM, J.—It is plain that the witness Stearnes was giving his judgment from personal observation when he testified that he *thought* the noise that was being made was "right there at him," referring to the defendant. Moreover, no motion to exclude the statement is shown to have been made. It is always permissible on cross-examination to ask questions of the witness for the purpose of showing the relation existing between the witness and the parties, and to bring out anything

[State v. Howard.]

having a tendency to show prejudice or bias, or that the witness entertained feelings of sympathy.—*Henry v. State,* 79 Ala. 42. The questions asked the defendant's witness Betty Martin on cross-examination were permissible under the above-stated rule.

The question asked the witness Martin on redirect examination was not in rebuttal of any matter brought out on cross-examination, and whether or not the court permitted the question was a matter resting in the discretion of the trial court.—*Treadwell v. State,* 168 Ala. 96, 53 South. 290. Other rulings on the evidence are without error and do not, we think, require discussion.

Charge A, refused to the defedant, is not predicated ʌupon a consideration of all the evidence, but, on the contrary, predicates an acquittal on a reasonable doubt growing out of a part of the evidence.—*Olden v. State,* 176 Ala. 6, 58 South. 307.

The legal principles embraced in refused charge B are fully covered in the charges given at the instance of the defendant.

We discover no error in the record.

Affirmed.