87 So.2d 552

### Luther KOGER, alias,

v.

### STATE.

### 8 Div. 741.

Court of Appeals of Alabama.

May 15, 1956.

Bradshaw, Barnett & Haltom, Geo. E. Barnett, Jr., Florence, for appellant.

John Patterson, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant, Luther Koger, has been found guilty under an indictment charging him with assaulting Raymond Pollard with the intent to murder him.

Appellant's motion for a new trial being overruled an appeal was perfected to this court.

The Attorney General has filed a motion to strike the transcript of the evidence from the record on the grounds that it was not filed with the clerk of the circuit court below within sixty days of the date the appeal was taken.

In this connection the record shows that the verdict was returned, and judgment entered on 23 November 1954. On that same date the appellant gave notice of appeal, and posted an appeal bond.

On 20 December 1954 appellant filed a motion for a new trial, which was regularly continued several times, and on 1 August 1955 the motion for a new trial was denied.

On 12 March 1955 the transcript of the evidence was filed with the Circuit Clerk.

Thus the transcript was filed more than sixty days after the notice of appeal, but some three and a half months before the ruling on the motion for a new trial.

It is the State's contention that the provisions of Sections 827(1), 827(1a), and 827(4) of Title 7, Code of Alabama 1940, compel the striking of the transcript of the evidence in this cause.

We are not in accord with this contention.

Section 827(1), supra, provides that the court reporter shall promptly transcribe the evidence after due notice, and file the same with the clerk within sixty days from the date on which the appeal was taken.

Again, Section 827(4), supra, specifically provides that court reporter's certified transcript shall be filed with the clerk within sixty days from the date of taking an appeal, provided that the period may be extended by the trial court.

Section 827(1a) provides that the trial court may extend the time for filing the transcript for cause.

Formerly it was provided that the transcript of the evidence must be filed within ninety days of the judgment, or the order granting or refusing the motion for a new trial. Section 822, Title 7, Code of Alabama 1940.

We do not think that the legislature intended to nullify the principle heretofore followed, as evidenced by Section 822, supra, to the effect that the filing of a motion for a new trial suspended the appeal processes until the motion for a new trial was acted upon, provided of course the motion was properly in force at the time action was taken thereon.

This view is reinforced by the provisions of Section 827(6) which provides that "Motions for a new trial shall be a part of the record and with the rulings thereon, *included in the transcript on appeal; and error may be assigned as to such rulings.*" (Emphasis ours.)

Another code provision relating to appeals in criminal cases, Section 382, Title 15, is to the effect that the trial court retains jurisdiction for the purpose of granting a motion for a new trial.

An appeal in a criminal case must be taken at the time of sentence or confession of judgment, or within six months thereafter, "provided, however, that the trial court shall retain jurisdiction of the cause for the purpose of hearing and determining a motion for a new trial, seasonably made". Section 368, Title 15, Code of Alabama 1940.

A motion for a new trial may be filed within thirty days of the date of judgment.

We cannot see therefore, in view of the provisions of Sections 368, and 382, supra, that the fact that the appeal was taken prior to the filing of the motion for a new trial, but within the time allowed, can or should influence the effects usually flowing from the filing of a motion for a new trial.

In the fairly recent case of Sadler v. Sessions, 261 Ala. 323, 74 So.2d 425, 427, decided in 1954, our Supreme Court wrote:

"An appeal may be taken within the time and manner indicated by statute, and the date from which the time for appeal may be reckoned (where motion for new trial is duly made), is the date of the due and final rendition of judgment on such seasonable motion for a new trial. Liverpool & London & Globe Ins. Co. v. Lowe, 208 Ala. 12, 93 So. 765."

Since the transcript of the evidence in this case was filed several months before judgment on the motion for a new

trial, it must, for the reasons set forth above, be considered as duly filed.

The Attorney General, in support of his motion to strike the transcript of the evidence relies heavily upon the case of Watkins v. Kelley, 262 Ala. 524, 80 So.2d 247.

We have examined the original record in this case, and it shows that a timely filed motion for a new trial was overruled on 28 May 1954, and the transcript of evidence was not filed with the Circuit Clerk until 28 September 1954, some four months after the judgment on the motion. These facts render inapplicable the doctrine of Watkins v. Kelley, supra, to the present case.

We would also like to call to the attention of the bar that by Act No. 97 (Special Session 1956), approved 9 February 1956, §§ 827(1) and 827(4), supra, have been amended to read that a transcript of evidence may be filed with the Circuit Clerk within sixty days of the taking of an appeal, or within sixty days of the date of the court's ruling on the motion for a new trial, whichever date is later.

The evidence presented by the State tended to show that at about 3:30 P. M. on 5 September 1954 Raymond Pollard and David Dewberry were riding along a street in Tuscumbia in Pollard's automobile. Another car drew up behind them with its horn sounding. Pollard pulled over to the right of the street and the other car pulled up even. The driver of the other automobile, identified by Pollard and Dewberry as being the appellant, asked "Is this Raymond?", and upon Pollard answering yes, the appellant told him he wanted Pollard to leave his wife alone. Pollard denied knowing the appellant's wife and was told that Pollard's car had been in front of appellant's house the night before.

At this point the appellant pulled a pistol and fired. Pollard had crouched in the seat, and the bullet struck him in the arm.

The evidence presented by the appellant was directed toward establishing an alibi. In this connection the appellant and several of his witnesses testified to the effect that appellant had been at Fannie Walker's place for some time prior to, and subsequent to, the time Pollard was shot, and had not gone out during that time.

■ All in all this conflict in the evidence of course but engendered a question of fact solely within the province of the jury to resolve. Certainly, the State's evidence, if believed by the jury to the required degree, was amply sufficient to support the verdict and judgment.

After the State had rested the defense requested permission to recall the prosecuting witness Pollard for further cross examination. This request was granted by the court.

Upon his recall Pollard testified that he had employed Mr. Howell Heflin as a special prosecutor in this case.

He was then asked how much he had paid, or agreed to pay, Mr. Heflin for such services.

The State's objections were sustained to this line of questioning.

■ Had the questions been asked upon the cross-examination of Pollard we think error would have resulted from the sustaining of the State's objections, in that it is permissible to show the amounts paid by a witness to a special prosecutor as going to the witnesses' bias, and the degree thereof. Davidson v. State, 19 Ala. App. 77, 95 So. 54; Hembree v. State, 20 Ala.App. 181, 101 So. 221; Ham v. State, 21 Ala.App. 103, 105 So. 390; Brogden v. State, 33 Ala.App. 132, 31 So.2d 144.

■■ However, it being within the discretion of the trial court to allow, or disallow, the witness Pollard to be recalled for further cross-examination, no error results from the court's ruling, since his right to refuse to allow the recall examination in toto included a discretion to allow only such parts as he deemed advisable. Bone v. State, 8 Ala.App. 59, 62 So. 455.

■ The doctrine of the Bone case, supra, is but an analogical extension of the doctrine that the allowance of questions

**480**

on redirect, or recross-examination, as to matters not in rebuttal, is in the sound discretion of the trial court. Treadwell v. State, 168 Ala. 96, 53 So. 290; Dodson v. State, 10 Ala.App. 255, 65 So. 206; Dukes v. State, 210 Ala. 442, 98 So. 368; Peterson v. State, 227 Ala. 361, 150 So. 156.

Counsel for appellant further contend that error infested a portion of the court's oral charge to which an exception was reserved.

■ In the record as originally filed in this court the reservation of the exception is unavailing in that it is descriptive only.

■ A correction of the record was attempted. The Attorney General has duly filed a motion to strike this attempted correction in that there was no compliance with Sections 827(1a) and 827(1b), Code of Alabama 1940 (pocket part). The motion is well made, and of necessity must be granted.

Affirmed.