106 So.2d 181

### Maxie BOWERS
### v.
### STATE.
### 6 Div. 517.

Court of Appeals of Alabama.
Oct. 28, 1958.

---

James D. Hammonds, Bessemer, for appellant.

John Patterson, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for the State.

PRICE, Judge

Appellant was indicted for breaking and entering the dwelling house of V. O. Leatherwood in the nighttime with the intent to steal, and for the larceny therefrom of a pistol and $54 in money. He was convicted of first degree burglary and sentenced to the penitentiary for fifteen years.

The Attorney General has filed a motion to dismiss the appeal on the grounds that it affirmatively appears that the record was not filed in this court within sixty days after the transcript of the evidence was established in the circuit court.

The record shows that the verdict was rendered and judgment entered on February 19, 1957. On March 14, 1957, defendant gave notice of appeal.

On March 18, 1957, defendant filed motion for a new trial, which was heard and taken under advisement by the court on March 28, 1957.

On April 23, 1957, the motion for a new trial was denied.

The transcript of the evidence was filed with the circuit clerk on March 29, 1957.

The record was filed in this court on July 9, 1957.

Title 7, Section 827(4) Code, Supplement, provides that the court reporter's transcript of the evidence "shall be filed with the clerk within sixty days from the date of the taking of the appeal, or within sixty days from the date of the court's ruling on the motion for a new trial, whichever date is later." See also Koger v. State, 38 Ala.App. 476, 87 So.2d 552.

In Relf v. State, 267 Ala. 3, 99 So.2d 216, 219, the court said: "Certainly, the court reporter is not required to wait the full time allowed in which to file his transcript of the evidence."

Supreme Court Rule 37, as amended, 263 Ala. XXI, Code 1940, Tit. 7 Appendix, requires that the transcript of the record be filed with the clerk of this court within sixty days after the establishing of the transcript of the evidence in the court below.

Since the transcript of the evidence had already been filed with the circuit clerk before the ruling on the motion for a new trial, and there being no objections filed to it, it was established on April 23, 1957, the date the ruling was made on the motion for a new trial.

Since the transcript of the record was not filed in this court within sixty days after the establishment of the transcript of the evidence in the circuit court, the motion to dismiss the appeal must be granted. It is so ordered.

Appeal dismissed.