115 So.2d 283

Odessa **LIPKIN**

v.

**STATE.**

**5 Div. 551.**

Court of Appeals of Alabama.

Aug. 18, 1959.

Rehearing Denied Sept. 15, 1959.

Russell & Russell, Tuskegee, for appellant.

John Patterson, Atty. Gen., and Geo. Young, Asst. Atty. Gen., for the State.

PRICE, Judge.

On October 21, 1957, appellant was adjudged guilty of manslaughter in the first degree. On October 23, 1957, the court sentenced her to five years in the penitentiary. On that day she gave notice of appeal.

Motion for a new trial was filed on November 21, 1957, and on December 13, 1957, the court set the motion for hearing on January 10, 1958. On January 7, 1958, hearing on the motion was continued to January 14, 1958. On January 14, 1958, arguments were heard and the motion taken under advisement. The motion was overruled on January 30, 1958.

On March 26, 1958, the trial court entered an order extending the time for filing the transcript of the evidence with the clerk of the circuit court "thirty days from the sixtieth day, being the date of the order of this court overruling the motion of defendant for a new trial in this cause."

On April 23, 1958, the transcript of the evidence was filed with the circuit clerk.

On June 11, 1958, the entire record was filed in this court.

The Attorney General has filed a motion, in the alternative, to strike the transcript of the evidence or to strike the entire record and dismiss the appeal on the grounds the transcript of evidence was filed too late in the lower court and the entire record was not timely filed in this court.

Secs. 827(1) and 827(4), Title 7, Code 1940, as amended, provide that the transcript of the evidence "shall be filed with the clerk within sixty days from the date of the taking of the appeal, or within sixty days from the date of the court's ruling on the motion for a new trial, whichever date is later. Provided, that this period may be extended by the trial court for cause." See also Koger v. State, 38 Ala. App. 476, 87 So.2d 552; Bowers v. State, 39 Ala.App. 628, 106 So.2d 181.

■ The motion for a new trial was filed 31 days after judgment. The trial court lost jurisdiction to entertain the motion upon the expiration of 30 days from the date of judgment, and its orders pursuant to such motion were of no effect. Clark v. State, 38 Ala.App. 480, 87 So.2d 669. Rogers v. State, 39 Ala.App. 441, 104 So.2d 481, certiorari denied 267 Ala. 697, 104 So. 2d 482.

The date, therefore, to which we must look in computing the time for the filing of the transcript of the evidence, as well as the period within which the trial court could extend the time for filing, is the date of the taking of the appeal. Rogers v. State, supra; Relf v. State, 267 Ala. 3, 99 So.2d 216. The court reporter's transcript should have been filed within sixty days after October 23, 1957. The sixtieth day thereafter was December 22, 1957. It was not filed until April 23, 1958. The motion to strike the transcript must be granted. Relf v. State, supra.

■ The transcript of the record should have been filed in this court sixty days after the transcript of the evidence was due to be filed in the lower court. Supreme Court Rule 37, Code 1940, Tit. 7 Appendix; Relf v. State, supra. Sixty days after December 22, 1957, would have been February 20, 1958. The record was filed here on June 11, 1958. The motion to dismiss the appeal is granted.

The judgment entry clearly shows defendant was adjudged guilty on October 21, 1957; and that sentence was imposed on October 23, 1957. Rogers v. State, supra, is decisive of appellant's contention that the time for filing the motion for new trial did not begin to run until the date of sentence.

Transcript of evidence stricken; record stricken; appeal dismissed.