123 So.2d 191

Henry WILLIAMS

v.

STATE.

7 Div. 562.

Court of Appeals of Alabama.

Jan. 12, 1960.

Rehearing Denied Feb. 2, 1960.

Pilcher & Floyd, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was adjudged guilty of mayhem on October 23, 1958. Imposition of sentence was deferred until November 3, 1958. Notice of appeal was given on November 19, 1958.

Motion for a new trial was filed December 2, 1958, and was set for hearing on December 31, 1958, at which time the motion was heard and taken under advisement by the court. The motion was overruled on February 25, 1959.

The transcript of the evidence was filed with the circuit clerk on April 23, 1959. The entire record was filed in this court on June 18, 1959.

The Attorney General has filed a motion to strike the transcript of the evidence and the transcript of the record and to dismiss the appeal, because of the lateness of the filing of both the transcript of the evidence and the transcript of the record.

The time for filing motion for a new trial began to run from the date of the formal adjudication of guilt, and not from the date of sentence. Rogers v. State, 39 Ala.App. 441, 104 So.2d 481; Lipkin v. State, 40 Ala.App. 423, 115 So.2d 283. The motion was filed more than 30 days after judgment. The trial court had lost jurisdiction to entertain the motion, and its orders pursuant thereto were of no effect. Clark v. State, 38 Ala.App. 480, 87 So.2d 669; Rogers v. State, supra; Lipkin v. State, supra.

We must therefore look to the date of the taking of the appeal in computing the time for the filing of the transcript of the evidence. Relf v. State, 267 Ala. 3, 99 So.2d 216; Rogers v. State, supra; Lipkin v. State, supra. The court reporter's transcript should have been filed with the clerk within sixty days after November 19, 1958. It was not filed until April 23, 1959. The motion to strike the transcript of the evidence is well taken. Relf v. State, supra; Lipkin v. State, supra.

The transcript of the record should have been filed in this court sixty days after the transcript of the evidence was due to be filed in the trial court. Supreme Court Rule 37, Code 1940, Title 7 Appendix; Relf v. State, supra; Lipkin v. State, supra. The record was not filed here until June 18, 1959.

Motion granted. Transcript of evidence stricken; record stricken; appeal dismissed.