148 So.2d 625

Shirley DANIEL

v.

STATE.

6 Div. 893.

Court of Appeals of Alabama.

Nov. 20, 1962.

Rehearing Denied Dec. 11, 1962.

See also ante, p. 405, 134 So.2d 752, certiorari denied, 273 Ala. 706, 134 So.2d 757.

———◆———

Reuben L. Newton, Jasper, and John T. Batten, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The appeal is on the record proper without a transcript of the testimony. The verdict, judgment, sentence, and taking of the appeal were January 17, 1962.

On February 14, 1962, a motion for a new trial was filed. The motion was not called to the attention of the trial judge until March 19, 1962, at which time the court granted the state's motion to strike the motion for a new trial because it was not presented to the court within the time required by law.

On April 25, 1962, the defendant moved the court to set aside the order striking the motion for a new trial. The court set May 15, 1962, as the day for a hearing on said motion. On May 15th the state moved that the court set aside and vacate its order setting the cause down for hearing. On May 26th the court granted the state's motion and set aside and vacated its said order of April 25, 1962.

The record was filed here June 19, 1962. The appellee has filed a motion to strike the record and dismiss the appeal because of appellant's failure to comply with Supreme Court Rule 37.

The state contends that since the motion for a new trial was never ruled upon, the motion became void and of no effect and the time for filing the record should be measured from the date of taking the appeal on January 17, 1962.

The appellant insists in brief that the state's motion should be denied because he relied upon the custom of the circuit clerk in presenting motions for a new trial to the judge, and because the clerk failed to comply with established custom the motion was not presented to the trial judge.

The duty was on the appellant, and not on the circuit clerk, to call the motion to the trial judge's attention. Arrick v. Fanning, 35 Ala.App. 409, 47 So.2d 708.

The trial judge did not reside in the county where the trial was had and under Section 119 of Title 13, Code 1940, his power to act upon the motion existed for a period of sixty days from the date on which the judgment was rendered. Under the rules for computing time if the sixtieth day falls on Sunday or on a legal holiday the next succeeding secular or working day is counted as the last day on which the court has jurisdiction to act on the motion. Title

1. Section 17, Code, supra; Supreme Court Rule 46. According to our calculation the sixtieth day was Sunday, March 18th, therefore, the court had until March 19th to rule on the motion and was in error in striking the motion because it was not timely presented.

The orders made on the motion after March 19th were void. Nickens v. State, 31 Ala.App. 297, 15 So.2d 633; Mahone v. State, 39 Ala.App. 567, 105 So.2d 134.

Since March 19th was the last day on which a ruling on the motion could have been made, or an order entered continuing it for hearing to a future date, the transcript of the record was due to be filed in this court within sixty days thereafter. Koger v. State, 38 Ala.App. 476, 87 So.2d 552; Ray v. State, 39 Ala.App. 257, 97 So.2d 594. The record was not filed here until June 19, '1962, more than 90 days after March 19th.

The state's motion is granted. The appeal is dismissed.

Appeal dismissed.