187 So.2d 273

**Joel MALONE**

v.

**STATE.**

3 Div. 187.

Court of Appeals of Alabama.

June 29, 1965.

Rehearing Denied Oct. 19, 1965.

———◆———

Robt. E. Coburn, Jr., Montgomery, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This appellant was indicted, tried and convicted of grand larceny.

The Attorney General has moved to strike the court reporter's transcript of the testimony; to strike the transcript of the record, and to dismiss the appeal, because the transcript of the testimony was not filed with the clerk of the circuit court within the time allowed by law and the transcript of the record on appeal was filed late with the clerk of this court.

Judgment of conviction was entered on February 24, 1964, and notice of appeal was given on said date. Motion for new trial was filed on March 24, 1964, and by regular orders was continued until July 17, 1964, when the court entered an order continuing it for disposition within thirty days. No further order of continuance was made. It was not taken under advisement and was never ruled on.

The transcript of the evidence was filed in the circuit court January 26, 1965. The transcript of the record was filed in this court on February 3, 1965.

■ At the expiration of thirty days from July 17, 1964, the motion for new trial became discontinued. McVey v. State, 38 Ala.App. 327, 82 So.2d 926. The transcript of the evidence should have been

filed with the circuit clerk within sixty days from the date on which the appeal was taken.

 The transcript of the record on appeal should have been filed here within sixty days from the last day on which the transcript of evidence could have been filed with the circuit court. Relf v. State, 267 Ala. 3, 99 So.2d 216; Hornbuckle v. State, 268 Ala. 347, 105 So.2d 864; Bowers v. State, 39 Ala.App. 628, 106 So.2d 181.

The motion to dismiss the appeal is well taken and must be granted.

Appeal dismissed.

CATES, J., not sitting.